UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-6372-RAO Date: November 6, 2026

Title: Marlon Jose Cano-Mendoza v. Warden, Adelanto ICE Processing Center et al.

Present: The Honorable ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE

| C. Delgado | N/A |
|---|---|
| Deputy Clerk | Court Reporter/Recorder: N/A |
| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner, a detainee in immigration custody and represented by counsel, filed a petition for writ of habeas corpus on October 28, 2026. Respondents filed an Answer on November 4, 2026. Petitioner filed a Reply on November 5, 2026.

I. Pertinent Background

Petitioner, a citizen of Nicaragua, previously filed two habeas actions in this Court: *Cano-Mendoza v. Warden*, *Adelanto ICE Processing Center*, No. 5:26-cv-03570-RAO ("*Cano-Mendoza I*"), and *Cano-Mendoza v. Warden, Adelanto ICE Processing Center*, No. 5:26-cv-04064-RAO ("*Cano-Mendoza II*"). In *Cano-Mendoza I*, the Court ordered that Petitioner be provided a bond hearing. *See* No. 5:26-cv-03570, Dkt. No. 12. Petitioner subsequently received a bond hearing on July 20, 2026, and the immigration judge denied release on the basis of flight risk. In *Cano-Mendoza II*, Petitioner challenged his initial arrest and detention by immigration authorities on April 22, 2026. The Court denied the petition on August 14, 2026. *See* No. 5:26-cv-04064, Dkt. No. 9.

On October 23, 2026, having been detained for more than six months, Petitioner received a *Rodriguez* bond hearing. The immigration judge again denied bond, finding that the government had met its burden by clear and convincing evidence to prove Petitioner a flight risk. *See* Dkt. No. 9-2. The immigration judge's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | 5:26-cv-6372-RAO | Date: | November 6, 2026 |
| Title: | Marlon Jose Cano-Mendoza v. Warden, Adelanto ICE Processing Center et al. | | |

written order details that Petitioner has numerous violations of his release conditions, such as missed biometric check-ins and a failed virtual home check in. Dkt. No. 9-3. The order also states that Petitioner's ties to the community for tenuous. *Id.* The immigration judge acknowledged certain mitigating facts but nevertheless concluded that bond should be denied.

The instant Petition challenges the immigration judge's denial of bond at the October 23, 2026 hearing.

II. <u>Discussion</u>

In general, courts do not have jurisdiction to review discretionary bond decisions. *See* 8 U.S.C. § 1226(e); *Villa v. Mullin*, 834 F.Supp.3d 957, 961 (C.D. Cal. 2026). In the limited instances in which federal courts may entertain constitutional challenges to an immigration judge's detention determination, the habeas court generally reviews mixed questions of fact and law under an "abuse of discretion" standard. *Martinez v. Clark*, 124 F.4th 775, 783 (9th Cir. 2024). "[A]buse of discretion" review does not involve reweighing the evidence but rather determining whether the immigration court "applied the correct legal standard." *Id.* at 785 (citing *Konou v. Holder*, 750 F.3d 1120, 1127 (9th Cir. 2014)). The standard is a deferential one. *See Martinez*, 124 F.4th at 784. "That deference reflects Congress's decision to cabin judicial review in removal proceedings. And we tread especially carefully in this area where Congress sought to eliminate judicial review." *Id.* (citations and quotations omitted).

Here, Petitioner has failed to demonstrate that the immigration judge abused his discretion in determining he is a flight risk. The immigration judge applied the correct burden of proof and referenced several facts supporting the decision. Although other facts support a different outcome, this Court may not "reweigh evidence." *Martinez*, 124 F.4th at 785; *see also Guzman Barron v. Mullin*, 2026 WL 2297902, at *1 (C.D. Cal. Aug. 9, 2026). The Court concludes that the claims raised in the Petition do not warrant the relief requested.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-6372-RAO Date: November 6, 2026

Title: Marlon Jose Cano-Mendoza v. Warden, Adelanto ICE Processing Center et al.

III. Conclusion

For the reasons set forth above, it is ordered that the Petition is denied and this action is dismissed with prejudice.

**IT IS SO ORDERED.**